UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10146-NMG |
| ) | |
| (7) JUAN LARA ) | |
| a/k/a "Miguel", ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**GORTON, D.J.**

WHEREAS, on June 16, 2016, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Juan Lara (the "Defendant"), and others, with Conspiracy to Distribute Cocaine Base, Cocaine, Heroin, and Oxycodone, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, jointly and severally, upon conviction of the Defendant of any offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations. Such property specifically included, without limitation:

(a) one gray 2011 Infiniti M37X sedan bearing Vehicle Identification Number JN1BY1AR2BM374404 and Massachusetts registration 787BW7.[1];

---

[1] This property was seized from a co-defendant in this case. The Defendant does not have any interest in this property.

1

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p). Such property specifically included, without limitation[2]:

    (b)    the real property located at 2300 Burdett Ridge Drive, Atlanta, Georgia, including all buildings, appurtenances and improvements thereon;

    (c)    the real property located at 5335 Willow Park Boulevard, College Park, Georgia, including all buildings, appurtenances and improvements thereon;

    (d)    the real property located at 7840 Bar Harbor Drive, Riverdale, Georgia, including all buildings, appurtenances and improvements thereon;

    (e)    the real property located at 330 Blue Sail Lane, Atlanta Georgia, including all buildings, appurtenances and improvements thereon; and

    (f)    one red 1973 Buick Electra bearing Vehicle Identification Number 4V39T3Y209736 and Massachusetts registration number 1BY193;

WHEREAS, on June 22, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment. During the hearing, the United States gave a recitation of the facts, referenced the Properties described below as being forfeitable, and how the Properties being forfeited constituted, or was derived

---

[2] These properties were seized from co-defendants in this case. The Defendant does not have any interest in these properties.

2

from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or were any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations. The Defendant did not object, and therefore consented to the forfeiture of all of his interests in the Properties. Such property specifically included, without limitation:

    (g)    $1,551 in United States currency seized from Juan Lara on or about June 18, 2015; and

    (h)    one broken gold and brown colored watch seized from Juan Lara on or about June 18, 2015

(collectively, the "Properties");

WHEREAS, in light of Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 12/7/16